# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

JAMES TAYLOR,       )
       Plaintiff,     )
                  )
    v.              )       CAUSE NO. 2:17-CV-344-JTM-JEM
                  )
JON A. RICE, *et al*.,    )
       Defendants.  )

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Discovery Sanctions Against Defendants Jon. A. Rice and Beer Transportation, Inc. [DE 37], filed July 19, 2018. Plaintiff requests that the Court bar the use of a recorded statement of Plaintiff taken by an investigator because it was not disclosed. No defendant has filed a response, and the time to so has passed.

A federal court has the inherent authority "to fashion an appropriate sanction for conduct which abuses the judicial process." *Abner v. Kendall v. Scott Mem'l Hosp.*, 634 F.3d 962, 964 (7th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)) (quotation marks omitted). Federal Rule of Civil Procedure 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required
> by Rule 26(a) or (e), the party is not allowed to use that information
> or witness to supply evidence on a motion, at a hearing, or at a trial,
> unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

Plaintiff represents that it served interrogatories and requests to produce on Defendants Rice and Beer Transportation on November 9, 2017, but had not received any responses before Plaintiff's deposition on December 14, 2017. Plaintiff did not receive the responses until January 25, 2018, and those responses indicated that Defendants possessed no statements of the Plaintiff besides those in the police report and at his deposition, and did not disclose either the name of the investigator or the

existence of a recorded statement of Plaintiff taken by the investigator. Defendants Rice and Beer Transportation also failed to identify the investigator as someone likely to have discoverable information or mention the statement by Plaintiff in their Rule 26 Disclosures made on February 15, 2018. The parties attended mediation on June 27, 2018, where Defendants Rice and Beer Transportation first revealed that they had a recording and transcript of an interview of Plaintiff conducted by the investigator a few days after the accident underlying this case. Because the information was not timely disclosed as required by Federal Rule of Civil Procedure 26, Plaintiff moves for sanctions. Given the representations in Plaintiff's Motion and the lack of response by Defendants, the Court finds that Defendants Rice and Beer Transportation are "not allowed to use" the statement and recording of Plaintiff taken by the investigator on or about July 21, 2015, or call the investigator as "witness to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1).

For the foregoing reasons, the Court hereby **GRANTS** the Plaintiff's Motion for Discovery Sanctions Against Defendants Jon. A. Rice and Beer Transportation, Inc. [DE 37] and **ORDERS** that Defendants Jon A. Rice and Beer Transportation, Inc., may not use the July 21, 2015, statement and recording of Plaintiff, or testimony from the investigator who took the statement, in any capacity for the remainder of the litigation in this case.

SO ORDERED this 20th day of August, 2018.

 s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record