# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES TAYLOR, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:17-CV-344-JTM-JEM |
| | ) | |
| JON A. RICE, *et al.*, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Rule 60 Motion for Relief From, to Reconsider and to Set Aside Order of August 20, 2018 [DE 42], filed August 21, 2018. Defendants request that the Court reconsider and grant relief from its order granting Plaintiff's request for discovery sanctions. On September 4, 2018, Plaintiff filed a response, and Defendants filed a reply on September 10, 2018.

## I. Background

On July 19, 2018, Plaintiff filed a Motion requesting that the Court bar the use of a recorded statement of Plaintiff taken by an investigator because it was not timely disclosed to Plaintiff as required. Plaintiff represented that it served interrogatories and requests to produce on Defendants Rice and Beer Transportation on November 9, 2017, but had not received any responses before Plaintiff's deposition on December 14, 2017. Plaintiff did not receive the responses until January 25, 2018, and those responses indicated that Defendants possessed no statements of the Plaintiff besides those in the police report and at his deposition, and did not disclose either the name of the investigator or the existence of a recorded statement of Plaintiff taken by the investigator. Defendants Rice and Beer Transportation also failed to identify the investigator as someone likely to have discoverable information or mention the statement by Plaintiff in their Rule 26 Disclosures

made on February 15, 2018. The parties attended mediation on June 27, 2018, where Defendants Rice and Beer Transportation first revealed that they had a recording and transcript of an interview of Plaintiff conducted by the investigator a few days after the accident underlying this case. Defendants did not respond to the Motion for Sanctions.

On August 20, 2018, the Court entered an order granting the Motion and, on a finding that the information was not timely disclosed as required by Federal Rule of Civil Procedure 26, prohibiting Defendants Rice and Beer Transportation from using the statement and recording of Plaintiff taken by the investigator on or about July 21, 2015, or calling the investigator as a witness. Moving Defendants now request that the Court reconsider that Order and set aside the prohibition.

## II.     Standard of Review

Federal Rule of Civil Procedure 60 provides for relief from an order for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion for "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside

> the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir.2013)) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va.1983)).

**III.    Analysis**

Counsel for Moving Defendants asserts that his email server was down and he did not receive all of his emails on July 18 and 19, 2018, and accordingly did not receive Plaintiff's motion for sanctions or learn that it had been filed prior to the Court's Order of August 20, 2018, granting the motion. In essence, Moving Defendants assert that their failure to respond to the motion was due to mistake or excusable neglect. In response, Plaintiff points out that the failure to receive some emails does not mean that counsel was unable to determine that a motion was filed in the case.

Although Plaintiff is correct that counsel for Defendants bears responsibility for being aware of what is happening in the case, this appears to be a genuine mistake, not a pattern of misbehavior, and this was not the type of motion that Defendants should have been explicitly watching for or expecting. *C.f. United States v. Miller*, 661 F. App'x 445, 448 (7th Cir. 2016) ("Moreover, given that [the defendant] knew about the passage of several months since the first deadline for his summary-judgment response and his Rule 56(d) motion, the district court did not abuse its discretion in concluding that [he] had received notice—or should have been on notice—of the order granting

the extension.") (listing cases); *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 408 (4th Cir. 2010) ("We can hardly say that the district court abused its discretion in declining to vacate its judgment to prevent 'manifest injustice' given that Appellant's failure to receive notice of the motion resulted from his counsel's conscious choice not to take any action with respect to his computer troubles. . . . [when] Appellant's counsel knew full well that the deadline for dispositive motions was pending."). Accordingly, the Court concludes that it is appropriate to address the merits of the argument regarding whether the statement in question can be used in the case and whether Defendants should be sanctioned for failing to disclose it earlier. Because the primary purpose of the current briefing was to address the reconsideration, the Court will give the parties the opportunity to re-brief the issue for determination by Senior District Court Judge James T. Moody. *See Cleversafe, Inc. v. Amplidata, Inc.*, 287 F.R.D. 424, 427 (N.D. Ill. 2012). The briefs should address the prejudice to Plaintiff if Defendants are permitted to use the statement, the ability of Plaintiff to cure the prejudice, the likelihood of disruption to the case, and Defendants' bad faith or willfullness in failing to disclose it earlier. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

IV. **Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Defendants' Rule 60 Motion for Relief From, to Reconsider and to Set Aside Order of August 20, 2018 [DE 42] and **VACATES** its Order of August 20, 2018 [DE 41]. The Court **ORDERS** Plaintiff to refile his Motion seeking sanctions, with accompanying briefing, on or before **February 28, 2019**. Defendants are to file a response brief by **March 14, 2019**, with Plaintiff to file a reply by **March 21, 2019**. Because new briefing is being ordered, the Court **DENIES as moot** Defendants' Motion for Leave to Supplement Rule 60 Motion for Relief From, to Reconsider and to Set Aside Order of August 20, 2018 [DE 49].

4

SO ORDERED this 21st day of February, 2019.

                                               s/ John E. Martin
                                            MAGISTRATE JUDGE JOHN E. MARTIN
                                            UNITED STATES DISTRICT COURT

cc:      All counsel of record