UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| JAMES TAYLOR, | |
|---|---|
| Plaintiff, | |
| v. | CASE NO.: 2:17-cv-344 |
| JON A. RICE, BEER TRANSPORTATION, INC., and ANA MOLINA, | |
| Defendants. | |

**OPINION AND ORDER**

This is a lawsuit stemming from an accident involving a semitruck, a passenger vehicle and a motorcycle. The case is set for trial on March 2, 2020. [DE 68.] Presently before me is defendants Jon Rice's and Beer Transportation's motion to exclude the expert testimony of plaintiff James Taylor's accident reconstruction expert, Robert Wright. The defendants anticipate that Wright will testify as to how the accident occurred and how the accident caused Taylor's injuries. [DE 61 at 1.] They seek to bar the admission of that testimony.

Federal Rule of Evidence 702 states: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the

-1-

principles and methods to the facts of the case." Fed. R. Evid. 702. Trial courts are tasked with determining if Rule 702 is satisfied before an expert may testify at trial. In doing so, I serve as a "gatekeeper" to ensure that all expert testimony "is not only relevant, but reliable" before it may be presented to a jury for consideration. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993)).

There is no argument by defendants that Wright's testimony will not be relevant to the case or that he is not qualified as an expert in certain fields of engineering related to "Force Analysis and Dynamics," *i.e.*, as an accident reconstructionist. But defendants challenge Wright's expert conclusions as to how the accident occurred and raise three distinct arguments. The bulk of the challenge focuses on (1) Wright's alleged failure to consider a statement Taylor made to an insurance investigator three days after the accident (which defendants contend is at odds with Taylor's later deposition testimony); and (2) that Wright failed to sufficiently support his expert conclusions with any sort of calculations. Defendants say both failures make Wright's opinion as to how the accident occurred unreliable and thus inadmissible. [DE 69 at 3-4.] In addition, defendants seek to bar Wright from testifying as to how the accident caused Taylor's "debilitating injuries" because such testimony lacks foundation and is expert medical opinion outside of Wright's engineering expertise. [DE 69 at 5.]

The third challenge, as to Wright's opinion as to the cause of Taylor's injuries is the easiest to address. First, in his opposition, Taylor does not even address defendants' argument on this point. That's reason enough to exclude Wright from testifying on this

point. *In re GT Automation Grp., Inc.*, 828 F.3d 602, 605 (7th Cir. 2016) ("An argument not responded to is ordinarily deemed waived."). Furthermore, I agree with defendants that nothing in Wright's qualifications would render him qualified to give testimony as to the extent or specific causes of Taylor's alleged injuries. His education, training and experience all relate to engineering, not medicine. *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 723 (7th Cir. 1999) (finding abuse of discretion when district court admitted expert opinion on medical matters from a metallurgist); *see also Richman v. Sheahan*, 415 F. Supp. 2d 929, 941 (N.D. Ill. 2006) (barring experts without any medical credentials from testifying on medical matters). Wright is not qualified to and will not be permitted to testify at trial as to the specific medical causes or the extent of Taylor's injuries as a result of the accident and counsel should not attempt to elicit such testimony from him.

Now on to defendants' main challenge to Wright's testimony: that he should be excluded from testifying as to how the accident occurred because his conclusions contradict statements Taylor made to an insurance investigator after the accident and because he fails to sufficiently explain the scientific basis for his conclusions.

Defendants argument that that Wright's expert conclusions and testimony should be excluded because he accepts Taylor's deposition testimony of how the accident occurred as true, but not his apparently prior contradictory statements, is without merit. The 2000 Advisory Committee Notes on Rule 702 address this very issue. "When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts. The emphasis in the amendment on 'sufficient facts or data' is not intended to authorize a trial court to exclude an expert's testimony on the

-3-

ground that the court believes one version of the facts and not the other." Fed. R. Evid. 702, Advisory Committee Notes 2000. Contrary to defendants' argument, Wright is not usurping the jury's role and making a credibility determination. "Experts routinely base their opinions on assumptions that are necessarily at odds with their adversary's view of the evidence." *Richman*, 415 F. Supp. 2d at 942 (collecting cases). "That does not mean that the expert has made impermissible credibility determinations that preclude him from testifying." *Id.* It isn't as if Wright's opinions are without any factual support in the evidentiary record, the parties just disagree as to what the true facts are. That's why we're going to have a trial, and Wright's expert testimony has a proper role to play in the trial.

Instead, the prior inconsistent statements (if they are in fact inconsistent, I'm not ruling one way or another at this juncture) are clearly a subject for cross examination of both of Taylor and Wright. *See* Fed. R. Evid. 613. That clearly goes to the weight of the evidence that the jury should give Wright's testimony, not its admissibility. Otherwise no expert could offer an opinion unless the evidence is uncontroverted. That's clearly incorrect, and I will not bar Wright from testifying on that basis.

Finally, I must address defendants' argument that Wright basically failed to show his work in coming to his conclusions as to how the accident occurred. This one is a closer call, and I'll be the first to admit that Wright's methodology appears rather thin. There is no indication that he attempted to recreate the accident, or use a computer program to do so. That certainly distinguishes Wright's work here from the accident reconstructionist in *Stachon v. Woodward*, a case cited by Taylor in support of having

Wright testify. *Stachon v. Woodward*, 2016 WL 6449490, at *7 (N.D. Ind. Oct. 23, 2015). In that case, the accident reconstructionist used a computer program to recreate the crash after examining the physical evidence and testimony. That's a method missing here. Instead, Wright relied upon Taylor's version of events, as well as an inspection of the accident site, including video recordings "of the paths of travel" by the two vehicles in the accident. [DE 71-1 at 4-5.] He also reviewed photographs of the vehicles pre- and post-accident, as well as police reports and deposition testimony. [*Id.*] That's certainly not the most thorough methodology I've ever seen, but given Wright's technical expertise and background, he is qualified to offer his opinions and conclusions based on his observations.

Again, I view the issues raised by defendants as fruitful grounds for them to cross examine Wright about his conclusions, not a basis to exclude him from testifying. Defendants say several times that Wright's opinion is unfounded because he doesn't offer a mathematical basis for it. But it's frankly unclear to me what math defendants want Wright to show here. If questions of what speed certain vehicles were traveling or when brakes were applied were the central issues in the case, I can see how mathematical calculations would be necessary. But that doesn't seem to be much in issue here. The out-of-circuit case law cited by defendants does not change this. In *Rosado v. Deters*, 5 F.3d 119, 124 (5th Cir. 1993), the Fifth Circuit affirmed the exclusion of an expert because the proffered expert had insufficient qualifications to be an expert in accident reconstruction. So *Rosado* is a case involving the *qualifications* of the expert; it is not a case about the expert's methodology, which is what defendants are arguing here.

Likewise, an expert's testimony concerning how a crash occurred was excluded in *Craig v. DiamlerChrysler Corp.*, 2008 WL 2816842, at *4-*5 (S.D. Miss. Mar. 19, 2008), because it was a products liability case and the expert's conclusion that "the accident was caused by a brake malfunction" was unsupportable because the expert could not identify any defect in the car's brakes and had not done any inspection or test to identify such a defect. *Id.* Defendants will be permitted to fully cross examine Wright and point out how thin his foundations are in their mind, and then the jury will be free to make of Wright's testimony what it wants. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

For the foregoing reasons, defendants Jon Rice's and Beer Transportation's motion to bar testimony from plaintiff's accident reconstruction expert Robert Wright [DE 69] is GRANTED, in part, as to the medical conclusions which Wright is unqualified to give, and DENIED in all other respects.

SO ORDERED on February 21, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT